Timothy F. Coons, #031208
Timothy@DentonPeterson.com

**DENTON PETERSON, PC**
ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Michael Sawyer**,<br><br>Plaintiff,<br><br>v.<br><br>**Phoenix Rising FC, LLC,** an Arizona limited liability company; **Arizona United Soccer Club, LLC d/b/a Phoenix Rising Football Club and d/b/a Phoenix Rising FC,** an inactive Arizona limited liability company; **Michael McCoy,** an individual; **Robert Dulle and Jane Doe Dulle**, a married couple;<br><br>Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff, Michael Sawyer, allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff is former employee of Defendant who was not paid overtime and who was also retaliated against, including being terminated for, his reporting a violation of the Fair Labor Standards Act, 29, U.S.C. § 201-219 (hereinafter "FLSA").

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of the Plaintiffs occurred within the District of Arizona, and

1

Defendant regularly conduct business in and have engaged in the wrongful conduct alleged herein and, thus, are subject to personal jurisdiction in this judicial district.

**FACTS**

4. At all relevant times alleged herein, Plaintiff resided in the State of Arizona in Maricopa County.

5. At all relevant times alleged herein, Phoenix Rising FC, LLC was an Arizona Limited Liability Company.

6. At all relevant times alleged herein, Arizona United Soccer Club LLC d/b/a Phoenix Rising Football Club and d/b/a Phoenix Rising FC was a defunct Arizona Limited Liability Company. As such, the individual owners of Arizona United Soccer Club, LLC are operating as a partnership.

7. These entities will be collectively referred to as PRFC.

8. Upon information and belief, at all relevant times alleged herein Michael McCoy resided in the State of Arizona in Maricopa County.

9. Upon information and belief, at all relevant times alleged herein Robert Dulle and Jane Doe Dulle resided in the State of Arizona in Maricopa County. All actions taken by Mr. Dulle were taken for and on behalf of his marital community.

10. Upon information and belief, Mr. McCoy and Mr. Dulle were acting as an "employer" as defined in 29 U.S.C. § 203(d) at all relevant time herein.

11. Plaintiff worked for PRFC starting in February 2017.

12. At that time, PRFC was in the process of its transition attempts to join Major League Soccer.

13. Plaintiff was tasked with being a liaison between PRFC's sales staff and the Vice President of Sale and Marketing, Michael McCoy.

14. At times, Plaintiff would also report to the Chief Operating Officer, Bobby Dulle.

15. PRFC improperly designated Plaintiff as an overtime exempt employee.

16. Plaintiff was expected to work seven days a week and between 12-15 hours a day.

17. In the week of March 6, 2017, through March 12, 2017, Plaintiff worked approximately 91 hours. Because PRFC improperly designated Plaintiffs as non-exempt, Plaintiff did not receive any overtime pay.

18. Plaintiff's duties consisted of participating in PRFC sales, tracking sales, and sales initiatives as specifically outlined by PRFC, coordinating lead and progress of leads with sales team members, providing reports to Mr. McCoy and Mr. Dulle on sales, among other things.

19. One of Plaintiff's duties was to conduct the initial interview for potential new sales hires while any and all hiring decisions were made only after interviews and approval by Mr. McCoy or Mr. Dulle.

20. During the initial interview of Marisa Elliot, Marisa asked Plaintiff if she was considered "exempt" or "non-exempt" employee.

21. Plaintiff did not have authority to make any designations of exempt or non-exempt status so he stopped the interview and informed Mr. McCoy of the question.

22. Mr. McCoy told Plaintiff that PRFC does not pay overtime and told Plaintiff to tell Marisa that she would be working long hours during the season, and that she would be able to make up the time during the offseason.

23. Plaintiff told Mr. McCoy that he was not comfortable telling Marisa that because it was contrary to the law and instructed Mr. McCoy that based on his past work experience, Marisa's position would be non-exempt and subject to overtime pay.

24. Mr. McCoy became very agitated with Plaintiff and told Plaintiff that "this is not a good sign," that "I don't think you're going to be a good fit here" and that he would finish the interview with Marisa instead.

25. From that time forward, Mr. McCoy targeted Plaintiff and took every opportunity to berate, belittle, intimidate and retaliate against Plaintiff.

3

26. Because of Mr. McCoy's retaliation, Plaintiff lived in constant fear of standing up to Mr. McCoy, to the point where Plaintiff would try to accept blame for things not going right even when it was Mr. McCoy who in fact was at fault.

27. Plaintiff witnessed as PRFC worked him and other sales team members six to seven days a week for up to 16 hours a day.

28. On one occasion in March 2017, Plaintiff approached Mr. McCoy regarding a request by sales team members that they be reimbursed for gas/travel fees for the "emergency ticket deliveries" to dozens of McCoy's personal clients. They also asked if food could be expensed for required out of office events on evenings and weekends, and if they could be provided with a fixed schedule so that they could know when they should work and when they could take some time off.

29. Mr. McCoy instructed Plaintiff to tell sales team members that they should expect to work seven days a week. Mr. McCoy also stated that if sales team members got a half day off then they should be grateful and that Plaintiff should not worry about how the PRFC's sales team is paid.

30. Plaintiff informed Mr. McCoy of his concern for PRFC's liability because of the issues with not paying overtime to sales team members and Plaintiff informed Mr. McCoy that he would not share that message with the sales team because it violated the law.

31. Mr. McCoy again did not like Plaintiff's position to uphold the law in defiance of him and PRFC and used every opportunity to demonstrate his displeasure with Plaintiff following this interaction.

32. Mr. McCoy was in constant correspondence with Robert Dulle, the PRFC Chief Operating Officer and upon information and belief, Mr. McCoy relayed the position of Plaintiff.

33. On March 27, 2017, Robert Dulle contacted Plaintiff and told him that he was being fired. Curiously, Mr. Dulle mirrored the words used previously by Mr. McCoy by saying that Plaintiff "was not a good fit for the organization."

4

34. As a direct result of Plaintiff's reporting a violation of the Federal law to Mr. McCoy, Plaintiff experience increased retaliation leading up to his termination by PRFC.

35. Upon information and belief, after Plaintiff's termination, PRFC's sales team members were asked to provide PRFC with the amount of overtime they were working in a week.

36. Upon information and belief, subsequently sales team members were paid an anomalous "bonus" which did not correspond with their overtime hours reported nor did ultimately any changes happen to how many hours team members worked.

37. Upon information and belief, the issue of PRFC's wrongful action was never addressed.

38. Upon information and belief, PRFC still works its employee more than 40 hours a week without paying overtime.

39. This shows that while PRFC has knowledge of its violation of the Fair Labor Standards Act, it refuses to correct its actions.

40. In addition to this, upon information and belief PRFC attempted to bribe (through a promotion, a raise and other benefits) Marisa Elliot into not discussing the original conversation she had with Plaintiff regarding her question about overtime pay.

41. Upon information and belief, Marisa was brought into a private room and interrogated on this issue.

42. Upon information and belief, Marisa confirmed the truth of the statements by Plaintiff to PRFC.

43. Following that conversation, upon information and belief, PRFC immediately stripped Marisa of her promotion, her raise, and the other benefits promised to her in retaliation for her testimony.

44. This again shows that while PRFC has knowledge of its violation of the Fair Labor Standards Act as initially brought forward by Plaintiff, PRFC refuses to correct violations and instead chooses to take actions to cover it up.

5

45. In addition, Defendants promised to provide Plaintiff and other PRFC employees' healthcare benefits within 30 days of employment.

46. Despite Plaintiff working more than 30 days for PRFC, Defendants did not fulfill their contractual obligations to provide healthcare benefits to Plaintiff or other PRFC employees.

47. As a direct result of Defendants breach, Plaintiff has suffered damages.

## COUNT ONE

## FAILURE TO PAY OVERTIME – 29 U.S.C. §§ 201 *et seq.*

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. While employed by PRFC, Plaintiff worked between 10-16 hours a day, seven days a week.

50. Specifically, during the week of March 6, 2017 through March 12, 2017 Plaintiff worked approximately 91 hours for which he was not compensated any overtime.

51. PRFC has an obligation to comply with 29 U.S.C. §§ 201 *et seq*.

52. Mr. Dulle and Mr. McCoy were both aware PRFC's failure to pay overtime in accordance with the law and failed to correct the behavior.

53. Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT TWO

## RETALIATION – 29 U.S.C. §§ 201 *et seq.*

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. While employed by PRFC, Plaintiff raised issues to Michael McCoy with PRFC's failure to pay overtime wages.

56. Instead of correcting the behavior, PRFC targeted Plaintiff retaliated against him for raising issues with PRFC's violation of the law.

57. Plaintiff again brought forward issues with PRFC's violation of the law in March 2017.

58. As a result of Plaintiff bringing forward these issues, Mr. Dulle knowingly and willfully, on behalf of PRFC, terminated Plaintiff in violation of 29 U.S.C. §§ 201 *et seq.*

59. Upon information and belief, PRFC took additional adverse employment actions against other PRFC employees who supported Plaintiff's position.

## COUNT THREE
## BREACH OF CONTRACT - PRFC

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. As a condition of his employment, PRFC guaranteed that Plaintiff would receive health benefits within 30 days of starting his employment.

62. PRFC failed to provide any health benefits to Plaintiff despite being promised.

63. As a direct result of PRFC's breach, Plaintiff has been damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief in Plaintiff's favor and against Defendants:

A. For the Court to award compensatory, incidental, and consequential damages to be determined at trial;

B. For the Court to award overtime compensation in the amount due to him for all of Plaintiff's time worked without receiving overtime;

C. For the Court to award lost wages in the amount to be determined at trial;

D. For the Court to award liquidated damages in an amount equal to the overtime award;

E. For the Court to award prejudgment and post-judgment interest;

F. For the Court to award punitive damages in an amount to be proven at trial.

G. For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the actions pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

H. Such other relief as this Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

RESPECTFULLY SUBMITTED this 15th day of June 2017.

**DENTON PETERSON, P.C.**

/s/ Timothy F. Coons
Timothy F. Coons
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213
*Attorney for Plaintiff*