# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made and entered into between Michael Sawyer ("Sawyer"), and Phoenix Rising FC, LLC, an Arizona limited liability company, ("PRFC"), Michael McCoy ("McCoy"), an individual, and Robert Dulle ("Dulle") and Teressa Elena Dulle, a married couple ("the Dulles"). Sawyer, PRFC, McCoy, Dulle and the Dulles are collectively referred to herein as the "Parties."

### RECITALS

WHEREAS, PRFC previously employed Sawyer;

WHEREAS, on or about July 3, 2017, Sawyer filed a First Amended Complaint in the in the United States District Court for the District of Arizona, Civil Action No. 17-01860 (the "Action") asserting claims for unpaid wages and/or overtime and retaliation under the Fair Labor Standards Act ("FLSA") and a claim for breach of contract under Arizona law against PRFC, McCoy and Dulle arising from Sawyer's employment and/or any other relationship he may have had with PRFC; and

WHEREAS, PRFC, McCoy and Dulle deny any wrongdoing, including under any statute or legal theory, and disputes that it owes Sawyer any compensation, associated penalties, or damages of any kind;

WHEREAS, to the extent there may be monies owed to Sawyer under the FLSA and/or Arizona Law, the Parties acknowledge there is a genuine good faith dispute over, among other things, Sawyer's classification as an exempt employee, the number of hours worked and compensation received by Sawyer; and,

WHEREAS, the Parties have considered that the interests of all concerned are best served by compromise, settlement and the dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests; and,

WHEREAS, the parties desire to enter into this Agreement to compromise and settle the bona fide disputes regarding Sawyer's classification, hours worked or compensation owed in order to avoid the expense and inconvenience of further proceedings;

NOW THEREFORE, for and in consideration of the parties' promises and forebearances, as well as the parties' covenants and undertakings hereinafter set forth, and for other good and valuable consideration, which each party hereby acknowledges, and intending to be legally bound, it is agreed as follows:

### AGREEMENT

**I.   NO ADMISSION**

The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and

that this Agreement is not, and shall not to be construed as an admission by PRFC, McCoy and/or the Dulles, or any of them, of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, an admission that PRFC, or any Released Parties described in this Agreement have violated any federal, state or local law (statutory or decisional), ordinance or regulation, breached any contract or committed any tort or other wrong whatsoever.

## II.   SETTLEMENT PAYMENT

A.   Within twenty (20) business days after the later of the following events, all of which must occur to make this Agreement effective: 1) this Agreement is executed by Sawyer and PRFC, McCoy and the Dulles; 2) the District Court issues all necessary approvals with respect to this Agreement; and 3) Sawyer does not revoke this Agreement during the seven (7) day revocation period described in Paragraph IV(A), PRFC, on its own behalf and on behalf of McCoy and the Dulles, shall pay Sawyer and his counsel the total gross amount of $15,000 in 4 separate checks as follows:

1.   A check made payable to Sawyer for payment of claimed unpaid minimum wages and overtime owed to him in the gross amount of $1,517.50 less applicable withholdings and taxes, which payment shall be reflected on a IRS Form W-2 form provided to Sawyer by PRFC;

2.   A second check made payable to Sawyer for liquidated damages in the amount of $1,517.50 which sum shall be reflected on a IRS Form 1099-MISC "other income [box 3]" provided to Sawyer by PRFC.

3.   A third check made payable to Sawyer for attorneys' fees and costs paid by him in the amount of $4,715.00 which sum shall be reflected on a IRS Form 1099-MISC "other income [box 3]" provided to Sawyer by PRFC.

4.   A check made payable to "Denton Peterson PC" Sawyer's counsel, as and for attorneys' fees and costs in the amount of $7,250.00. PRFC shall issue to Sawyer's counsel an IRS Form 1099-MISC in relation to this payment, "gross proceeds paid to attorney [box 14]." Sawyer acknowledges and agrees that he has expressly authorized and directed PRFC to make this payment as described to Denton Peterson PC.

B.   The checks listed in Section I-A, above, shall jointly be referred to as the "Settlement Payment." The Settlement Payment checks shall be delivered to Sawyer's counsel, Timothy Coons at Denton Peterson PC, 1930 N. Arboleda, Suite 200, Mesa AZ, 85213 by U.S. Mail or other method of delivery.

C.   *__Sawyer acknowledges and agrees that with the payment of the Settlement Payment provided in Section I-A, and even assuming he was not an exempt employee under the FLSA (a claim disputed by Defendants,) he has been paid all wages owed to him for all hours worked, including for any overtime hours worked, liquidated damages and attorneys' fees__*.

D.   Sawyer acknowledges and agrees that PRFC, McCoy and Dulle and their attorneys make no representation as to the taxability of the amounts paid to and on behalf of Sawyer. Sawyer agrees to pay federal or state taxes, if any, which are required by law to be paid by him with respect to this settlement. Moreover, Sawyer agrees to indemnify PRFC, McCoy and Dulle and hold them harmless from any interest, taxes or penalties assessed against them, or any of

them, by any governmental agency as a result of Sawyer's non-payment of taxes on any amounts paid to him or to his attorney under the terms of this Agreement. Sawyer further acknowledges that PRFC may be required to report to the Internal Revenue Service (as well as state and local taxing authorities where applicable) the consideration paid to her as a result of this Release.

### III.     MUTUAL RELEASES

A.     **Release by Sawyer:**  In consideration for the Settlement Payment by PRFC provided in Section I-A, above, Sawyer, for himself and his agents, heirs, executors and administrators, unconditionally releases, forever discharges and agrees not to sue PRFC, McCoy, the Dulles and their agents, employees, successors, and assigns, and all affiliated business entities, both individually and in their official capacities (collectively "Released Parties"), from, for and against any and all actual or potential loss, liability, claim, demand, cause of action, lawsuit, judgment, attorneys' fees, cost, obligation, or expense, known or unknown, accrued or contingent, existing from the beginning of time through the date of this Agreement arising out of or pertaining in any manner to Sawyer's status as an employee of PRFC, and/or any other capacity he may have had with PRFC or for any reason that he, individually or as a member of a class, ever had or now has, including, without limitation:

1.     all claims for unpaid and/or minimum wages, salary, overtime or other compensation, benefits or remuneration, whether as an employee or independent contractor, and claims regarding employee classification and/or exempt classification including, without limitation, all rights or claims arising under the Fair Labor Standards Act, the Equal Pay Act, the Lilly Ledbetter Fair Pay Act of 2009, Arizona's wage and payment of wages statutes, Arizona Proposition 206 (The Fair Wages and Healthy Families Act), Articles 7 and 8 of Title 23, Arizona Revised Statutes; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.; any amendments to the statutes referred to herein; and any other federal, state or local law relating to employee wages and hours; or any claims for attorney's fees or other costs.

2.     all claims alleging breach of promise, breach of contract or implied contract; breach of the covenant of good faith and fair dealing; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; defamation; or otherwise arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity;

3.     all claims for fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits arising under ERISA;

4.     all claims for payment of income and employment taxes; and

5.     all other claims relating to or arising out of Sawyer's employment by PRFC or separation from employment with PRFC, including claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, 1871, and 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act, the Health Insurance Portability and Accountability Act; the Rehabilitation Act of 1973; the Occupational Safety and Health Act; the National Labor Relations Act; the Arizona Civil Rights Act; the Arizona Employment Protection Act, any whistleblower statute, and all similar rights and claims under all other federal, state and

local discrimination laws, rules, regulations and ordinances, all equitable claims and all common law claims, including but not limited to unjust enrichment, piercing the corporate veil, promissory estoppel, intentional interference with contractual relations, interference with prospective economic relations, fraud, negligence, negligent misrepresentation, personal injury, slander, libel, defamation, false light, injurious falsehood, invasion of privacy, wrongful discharge, failure to hire, retaliatory discharge, constructive discharge, negligent or intentional infliction of emotional distress, negligent hiring, supervision or retention, loss of consortium, punitive damages, attorneys' fees and costs.

   B. **Release by PRFC**: In consideration of the promises in this Agreement, PRFC hereby releases, waives and forever discharges Sawyer from any and all claims, demands, causes of action, and liabilities of any kind whatsoever (upon any legal or equitable theory, whether contractual, common law, statutory, under federal, state or local law or otherwise), whether known or unknown, asserted or unasserted, by reason of any act, omission, transaction, agreement or occurrence, that has occurred or existed at any time prior to the date of this Agreement.

   C. Sawyer further covenants and agrees that upon receiving the Settlement Payment set forth in Section I-A above, the Released Parties are not further indebted to Sawyer in any amount for any reason.

   D. Sawyer acknowledges and agrees that the release contained in this Agreement waives any right he has to recover damages or other individual relief in any charge or lawsuit brought by him against PRFC, McCoy and the Dulles, as well as in any charge or lawsuit brought by any governmental agency charged with enforcing any law, whether federal, state or local (any "Governmental Agency"). For this purpose, "Governmental Agency" includes, but is not limited to, the federal Equal Employment Opportunity Commission ("EEOC"), the Department of Labor ("DOL"); the National Labor Relations Board ("NLRB"), the Occupational Safety and Health Administration ("OSHA"), the Security and Exchange Commission ("SEC"), all other federal agencies charged with enforcing any law, the Arizona Attorney General, Civil Rights Division ("ACRD"), and all similar state and local agencies.

   E. Sawyer further understands, acknowledges and agrees that the release contained in this Agreement is a general release against PRFC, McCoy and the Dulles, and that he further waives and assumes the risk of any and all claims that exist as of this date, including those of which he does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his decision to sign this Agreement.

   F. **Claims Not Released**. Notwithstanding the above, it is understood and agreed that the following are not waived or barred by this Agreement: (a) Claims related to the validity or challenging the enforceability of this Agreement; (b) Claims by any party to enforce this Agreement; (c) Claims which cannot legally be waived; (d) Claims filed under any state workers' compensation or unemployment law. Further, it is understood and agreed that Sawyer is not prohibited from filing any administrative charges with, communicating with or participating in any administrative proceeding before any Governmental Agency.

**IV. FEDERAL AGE DISCRIMINATION CLAIMS / TIME TO CONSIDER AND REVOKE AGREEMENT**

4

**A.** By signing below, Sawyer acknowledges that in accordance with the federal Older Workers Benefit Protection Act of 1990, he has been made aware that:

1. He has the right to consult and, in fact, he has consulted with an attorney of his choosing before signing this Agreement; and

2. He has **21 days** from the date he is presented with this Agreement to consider it and decide whether not to sign it; and

3. He has **seven (7) days** after signing this Agreement to revoke his consent by sending written notice of revocation of this Agreement to:

   Ronald J. Stolkin
   Ballard Spahr LLP
   1 East Washington Street, Suite 2300
   Scottsdale, Arizona 85004-2555
   stolkinr@ballardspahr.com

**B.** If Sawyer timely revokes his consent to this Agreement, he will be ineligible to receive the Severance Payment described in Section II, above.

**C.** Effective Date of Agreement. This Agreement shall become effective on the eighth day (8th) day after Sawyer signs it, provided Sawyer does not choose to revoke his consent within seven (7) days after signing it.

## V. CONFIDENTIALITY OF AGREEMENT

Although this Agreement must be filed with the Court, Sawyer, his spouse and his attorneys, agree that they will maintain in strictest confidentiality the terms and existence of this Agreement, and the discussions and negotiations that led to its creation and execution, and that they shall not notify or comment on any form of social media, including but not limited to Twitter, Facebook, Instagram or the like or initiate any contact with or disclose to the news media, or any representative or agent of the news media, regarding the disputes between the Parties, the Action, the terms and existence of this Agreement and/or the circumstances and facts giving rise thereto. Sawyer, his spouse and his attorney shall not issue a press release or post any information on the internet, World Wide Web, and/or any social networking site or blog relating to the disputes between the Parties, the Action, the terms and existence of this Agreement and/or the circumstances and facts giving rise thereto.

Sawyer may, however, disclose this Agreement: (a) to his spouse: (b) to his attorneys, accountants, insurance carriers, auditors, tax preparers, bankers and financial advisors; (c) to the IRS or other taxing authorities, or as required by law and (d) insofar as such disclosure may be necessary to enforce its terms or as otherwise required by law. If Sawyer discloses the terms of this Agreement to any person as permitted herein, Sawyer shall advise that person of this Confidentiality requirement and that they must not disclose the terms and existence of this Agreement. If Sawyer is legally required to disclose any such information, Sawyer will notify PRFC prior to doing so.

## VI. NON-DISPARAGEMENT

Sawyer agrees not to criticize, denigrate or otherwise disparage PRFC and/or any of the Released Parties to any person or entity. PRFC agrees that in the event its members or its Human Resources Department is contacted by any third party (prospective employer, lender, for example) seeking information regarding Sawyer, PRFC will provide only Sawyer's dates of employment and position held.

## VII.   DISMISSAL OF THE ACTION / NO CLAIMS FILED

Sawyer represents that other than the Action, he has not filed any claims, complaints, appeals, demands for arbitration, charges or lawsuits against PRFC and/or any Released Parties with any governmental agency or any court or any alternative dispute resolution entity. Sawyer and his attorney agree that upon receipt of the Settlement Payment, they will perform all acts necessary to dismiss and/or withdraw the Action and any claims and/or lawsuits, with prejudice, that Sawyer has instituted against PRFC and/or Released Parties, or any of them, whether the filing process has been accomplished or not. Sawyer further affirms that he has no known workplace injuries or occupational diseases resulting from his employment with PRFC.

## VIII.   CONTINGENCY OF SETTLEMENT

The parties agree this settlement is contingent upon the Court's approval of this Agreement, and should the Court not approve this Agreement in its entirety, the Parties agree to engage in follow-up negotiations with the intent of resolving the Court's concerns that precluded initial approval, if feasible, and resubmitting settlement for approval within thirty (30) days. If the settlement is not approved as resubmitted or if the parties are not able to reach another agreement, litigation of the Action resumes. If litigation of the Action resumes, the case will proceed as if no settlement has been attempted.

## IX.   INTERPRETATION

This Agreement was drafted by the attorneys for PRFC as a matter of convenience only and, therefore, the language of this Agreement shall be construed as to its fair meaning and not strictly for or against any party to this Release.

## X.   GOVERNING LAW

This Release shall be governed in all respects, whether as to validity, construction, capacity, performance, or otherwise, by the laws of the State of Arizona, except as preempted by federal law.

## XI.   VALIDITY

If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable for whatever reason, the remaining provisions of this Agreement shall nevertheless continue in full force and effect without being impaired in any manner whatsoever.

## XII.   ENTIRE AGREEMENT

This Agreement constitutes the sole and entire agreement of the Parties with respect to the subject matter hereof, and supersedes any and all prior and contemporaneous agreements,

promises, representations, negotiations, and understandings of the Parties, whether written or oral. There are no understandings, representations, or agreements of any nature whatsoever between the Parties except as expressly stated herein.

## XIII. HEADINGS

The headings in this Release are for convenience only and shall not be used in interpreting the obligations of the Parties under this Release.

## XIV. EXECUTION

This Agreement may be executed in counterparts (including electronically scanned and faxed), each of which will be deemed an original and all of which, when executed, shall together constitute one and the same document.

PHOENIX RISING FC, LLC

By: _____
    Robert Dulle

_____
MICHAEL SAWYER

Its: C.O.O.

Date: _____

Date: 12/04/2017

APPROVED AS TO FORM AND SUBSTANCE

APPROVED AS TO FORM AND SUBSTANCE

_____
Timothy Coons, Denton Peterson PC
Attorneys or Michael Sawyer

_____
Ronald J. Stolkin, Ballard Spahr, LLP,
Attorneys for Phoenix Rising FC, LLC,
Michael McCoy and Robert and Teressa Dulle

promises, representations, negotiations, and understandings of the Parties, whether written or oral. There are no understandings, representations, or agreements of any nature whatsoever between the Parties except as expressly stated herein.

## XIII. HEADINGS

The headings in this Release are for convenience only and shall not be used in interpreting the obligations of the Parties under this Release.

## XIV. EXECUTION

This Agreement may be executed in counterparts (including electronically scanned and faxed), each of which will be deemed an original and all of which, when executed, shall together constitute one and the same document.

_____
MICHAEL SAWYER

Date: 11/30/2017

PHOENIX RISING FC, LLC

By: _____

Its: C.O.O.

Date: 12·4·17

APPROVED AS TO FORM AND SUBSTANCE

_____
Timothy Coons, Denton Peterson PC
Attorneys or Michael Sawyer

APPROVED AS TO FORM AND SUBSTANCE

_____
Ronald J. Stolkin, Ballard Spahr, LLP,
Attorneys for Phoenix Rising FC, LLC,
Michael McCoy and Robert and Teressa Dulle