BALLARD SPAHR LLP
Ronald J. Stolkin (002552)
1 E. Washington St., Suite 2300
Phoenix, AZ 85004
Telephone: (602) 798-5400
Email: stolkinr@ballardspahr.com

*Attorney for Defendants*
*Phoenix Rising FC, LLC; Arizona United*
*Soccer Club, LLC; Michael McCoy; Robert Dulle;*
*and Jane Doe Dulle*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL SAWYER,<br><br>              Plaintiff,<br><br>vs.<br><br>PHOENIX RISING FC, LLC, an Arizona limited liability company; ARIZONA UNITED SOCCER CLUB, LLC d/b/a PHOENIX RISING FOOTBALL CLUB and d/b/a PHOENIX RISING FC, an inactive Arizona limited liability company; MICHAEL MCCOY, an individual; ROBERT DULLE and JANE DOE DULLE, a married couple;<br><br>              Defendants. | No. CV 17-01860-JAT<br><br>**PARTIES' JOINT MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE** |

Plaintiff Michael Sawyer ("Plaintiff") and Defendants Phoenix Rising FC, LLC, an Arizona limited liability company, ("PRFC"), Michael McCoy ("McCoy"), an individual, and Robert Dulle ("Dulle") and Teressa Elena Dulle, a married couple ("the Dulles") (collectively, "the Parties") have reached a settlement in this action, and jointly submit this Memorandum in Support of Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice ("Joint Motion"). Although the Parties dispute the claims in this case, and Defendants deny each and every claim made by Plaintiff, the Parties desire to fully and finally resolve any and all disputes regarding the claims in this action without the expense of further litigation. The fully executed Settlement

DMWEST #17269957 v1

Agreement and Release ("Settlement Agreement") is attached to the Joint Motion as Exhibit A.  As discussed below, the proposed Settlement Agreement is a fair and reasonable compromise of Plaintiff's claims and warrants judicial approval.

I. BACKGROUND

    A. Factual and Procedural History

Plaintiff is a former employee of PRFC, a professional soccer team based in Phoenix.  PRFC hired Plaintiff on February 1, 2017, and he held the position of Director of Sales.  (First Amended Complaint at ¶¶ 11 & 13).

On June 15, 2017, Plaintiff initiated this matter with this Court.  Plaintiff later filed a First Amended Complaint on July 3, 2017, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and engaged in breach of contract.  Specifically, Plaintiff alleges that he was improperly designated as an exempt employee and, therefore, not appropriately paid overtime for approximately 91 hours of work.  Plaintiff also that he was unlawfully retaliated against for raising issues related to PRFC's overtime practices and that PRFC breached a contract with him regarding his health benefits.  Defendants disagree with Plaintiff as to all allegations and maintain that no contract was breached and PRFC appropriately designated Plaintiff as exempt and paid Plaintiff for all time worked as required by the FLSA.

    B. Settlement Negotiations

In late September 2017, the Parties entered into informal settlement negotiations.  Plaintiff calculated his estimated damages and shared those calculations with Defendants.  Thereafter, the Parties engaged in further discussions and exchanged correspondence on the nature and scope of a possible settlement.  At all times, Plaintiff and the Defendants have been represented by counsel, who have advised them regarding their rights and responsibilities with respect to the settlement of this matter.  After extensive settlement discussions, the Parties agreed to settle Plaintiff's claims for the total amount of $15,000, inclusive of attorneys' fees and costs, and thereafter memorialized the terms of their agreement in the Settlement Agreement.  (Ex. A). As of December 4,

2017, all Parties signed the Settlement Agreement. (Ex. A).

## II.   SUMMARY OF SETTLEMENT AGREEMENT

In exchange for the promises, agreements, and legal releases stated in the Settlement Agreement, PRFC agrees to pay the sum of Fifteen Thousand Dollars ($15,000) to Plaintiff in full and complete settlement of Plaintiff's claims. (Ex. A at ¶ II(A). The settlement amount includes attorneys' fees and costs. PRFC will make such payment within 20 days after this Court enters final approval of the settlement. (*Id*.).

In exchange for receiving these payments, Plaintiff has agreed to release Defendants from all claims arising under the FLSA claims under federal and state law arising out of his employment with PRFC. (*Id*. at ¶ III(A)). In addition, PRFC also released any and all claims against Plaintiff that it might have had. The mutual release covers claims only up to and including the date of this Court's approval of the Settlement Agreement. Any claim arising after that date has not been waived or released.

## III.   STANDARD OF REVIEW

The weight of judicial authority holds that employees' claims under the FLSA are non-waivable and thus may not be settled without supervision of either the Secretary of Labor or a district court. *Barrentine v. Ark.-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981); *Barrera v. US Airways Grp.,* No. 12-2278, 2014 U.S. Dist. LEXIS 198526, at *3 (D. Ariz. May 23, 2014); *Taylor v. AFS Techs., Inc.,* No. 09-2567, 2010 U.S. Dist. LEXIS 57851 (D. Ariz. May 24, 2010).

The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the district court a proposed settlement, upon which the court may enter a stipulated judgment approving the settlement and dismissing the plaintiff's claims after reviewing the settlement for fairness. *Schulte, Inc. v. Gangi,* 328 U.S. 108, 113 (1946); *Hand v. Dionex Corp.,* No. 06-1318, 2007 U.S. Dist. LEXIS 87026, at *1 (D.Ariz. Nov.13, 2007) (noting that the Court "may approve settlement if it reflects a reasonable compromise over issues.") (internal quotations omitted).

Before this Court may approve the settlement, it must scrutinize the

settlement to determine whether it is "a fair and reasonable compromise of a bona fide dispute under the FLSA." I*n re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig.,* 2009 U.S. Dist. LEXIS 97791, at *2 (D. Ariz. Oct. 8, 2009) (quoting *Prater v. Commerce Equities Mgmt. Co.,* 2008 U.S. Dist. LEXIS 98795, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008)).  Courts have found that a settlement agreement resolves a bona fide dispute where there are genuine disputes between the parties as to whether a plaintiff was an exempt employee and whether that plaintiff worked overtime hours.  *See Barrera,* 2014 U.S. Dist. LEXIS 198526, at *3.  Settlement of a bona fide dispute also requires that the agreement not appear to be "the product of collusion between the parties, nor . . . the result of fraud or overreaching on the part of Defendant." *Id.*

IV.     ARGUMENT

     A.     The Proposed Settlement Terms are Fair and Reasonable at this Stage of the Proceedings in Relation to the Strength of Plaintiff's Claims and Risks and Expense of Further Litigation in this Bona Fide Dispute.

Here, the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute.  After numerous discussions, the Parties continue to disagree on a number of issues, including the critical issue of whether Plaintiff's claims are viable and whether he suffered any damages under the FLSA; Defendants deny that they are liable to Plaintiffs under any such law.  For example, Plaintiff claims that he was improperly designated as an exempt employee.  Defendants, however, vigorously dispute this claim, arguing that Plaintiff was, as PRFC's Director of Sales, responsible for supervising and managing the sales staff.  Thus, there can be no doubt that a bona fide dispute exists between the Parties as to Plaintiff's exempt status.

Despite such fundamental disagreements, the Parties have reached a compromise that reflects the positions of both Parties with respect to potential litigation costs and risks for each.  *See Taylor*, 2010 U.S. Dist. LEXIS 57851, at *3 (finding settlement agreement to be a fair and reasonable compromise of a bona fide dispute where the defendants strongly contested liability under the FLSA).  The settlement also allows Plaintiff to recover as to his claims while avoiding the uncertainties and costs of

4

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

litigation. Here, Plaintiff has not yet obtained any finding of liability with respect to Defendants. Plaintiff faces a number of issues with respect to establishing liability, including, *inter alia*, showing that he was, in fact, not an exempt employee who performed overtime hours worked that were unpaid in violation of the FLSA.

The Settlement Agreement also takes into account Plaintiff's potential alleged damages under the FLSA. The FLSA provides for back pay and liquidated damages in certain cases, together with costs and attorneys' fees. The settlement amount in this case is an approximation of Plaintiff's alleged damages, determined through settlement negotiation between the Parties at a very early stage of the litigation, before the Parties incurred significant attorneys' fees and costs, and reflects the potential back pay, plus additional payments such as attorneys' fees, litigation costs, and other allowable damages, if any, that each Plaintiff is alleged to have suffered. *See In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig.*, 2009 U.S. Dist. LEXIS 97791, at *7 (D. Ariz. Oct. 8, 2009) (approving settlement where payments directly related to each plaintiff's potential damages).

Thus, the settlement amount is fair and reasonable, as it reasonably takes into account the alleged claims of Plaintiff and litigation risks present for both Parties. Further, the Settlement Agreement represents a compromise on the part of the Parties, in that they have agreed not to pursue this case to summary judgment and trial, and therefore, each party has foregone the possibility that it may gain substantially more than the Settlement Agreement provides, and also mitigated the possibility that it loses substantially more.

B.  The Settlement Agreement is the Product of Extensive, Arm's Length Negotiations.

The Settlement Agreement is the product of arms' length bargaining conducted by legal counsel experienced in the area of collective actions under the FLSA. Both Plaintiff's and Defendants' counsel have extensive experience litigating FLSA cases and both routinely litigate state and federal wage and hour cases in a variety of courts.

5

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

The Parties engaged in several settlement discussions over the course of about two months, which ultimately resulted in this proposed Settlement Agreement. The Parties agree that the settlement negotiated and reached by the Parties reflects a fair and reasonable resolution of the disputed issues. As explained above, the Settlement Agreement enables Plaintiff to obtain a recovery without further litigation and without incurring additional litigation costs and attorneys' fees, and is the product of a month long arms' length negotiation process. Accordingly, this Court should approve the Parties' proposed Settlement Agreement. *See In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig.,* 2009 U.S. Dist. LEXIS 97791, at *6 (D. Ariz. Oct. 8, 2009) ("The court may approve a settlement if it reflects a reasonable compromise over issues") (internal quotations omitted).

## V.  CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court grant the Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice.

By: */s  Ronald J. Stolkin* _____
    Ronald J. Stolkin
    BALLARD SPAHR LLP
    1 E. Washington St., Suite 2300
    Phoenix, AZ  85004
    Telephone:  (602) 798-5400

    *Attorneys for Defendants*

    Dated:  December 11, 2017

By: */s  Timothy Coons* _____
    Timothy Coons
    DENTON PETERSON PC
    1930 N. Arboleda Road, Suite 200
    Mesa, Arizona  85213
    Telephone: (480) 325-9900

    *Attorney for Plaintiff*

    Dated:  December 11, 2017

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

**CERTIFICATE OF SERVICE**

I certify that on the 11th day of December, 2017, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

Timothy F. Coons
Denton Peterson, PC
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213
Timothy@dentonpeterson.com
Attorney for Plaintiff

By:  /s/Ronald J. Stolkin

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ  85004-2555

7

DMWEST #17269957 v1